**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

IN RE:      COOK MEDICAL, INC.
            PELVIC REPAIR SYSTEM
            PRODUCTS LIABILITY LITIGATION                    MDL 2440

THIS DOCUMENT RELATES TO:

*Patsy Adams v. Cook Medical, Inc., et al.*                    Civil Action No. 2:14-cv-09823

**ORDER**

Pending before the court is Cook, Inc., Cook Biotech, Inc., and Cook Medical, Inc. n/k/a

Cook Medical LLC's (collectively "Cook") Motion to Dismiss or, in the Alternative, for Monetary

Sanctions [Docket 8]. For the reasons stated below, Cook's Motion [Docket 8] is **GRANTED in**

**part** and **DENIED in part**.

### I.    Background

This case resides in one of seven MDLs assigned to me by the Judicial Panel on

Multidistrict Litigation concerning the use of transvaginal surgical mesh (and in the Cook MDL,

nonmesh) to treat stress urinary incontinence and pelvic organ prolapse. In the seven MDLs, there

are nearly 70,000 cases currently pending, approximately 350 of which are in the Cook Medical,

Inc. MDL, MDL 2440. Managing multidistrict litigation requires the court to streamline certain

litigation procedures in order to improve efficiency for the parties and the court. Some of these

management techniques simplify the parties' discovery responsibilities. Pretrial Order ("PTO") #

8, for example, ensures that Cook receives the plaintiff-specific information necessary to defend

the cases against it. Under PTO # 8, each plaintiff in this MDL must submit a Plaintiff Profile

Form ("PPF") to act as interrogatory answers under Federal Rule of Civil Procedure 33 and

responses to requests for production under Federal Rule of Civil Procedure 34. (*See* Pretrial Order #8 ("PTO #8" or the "Order"), *In re: Cook Medical, Inc. Pelvic Repair System Products Liability Litigation*, No. 2:13-md-02440 [Docket 38], *available at* http://www.wvsd.uscourts.gov/MDL/2440/pdfs/PTO_8.pdf). Each plaintiff must submit a PPF within 60 days of filing a Short Form Complaint. (*Id.*). Failure to do so subjects the plaintiff "to sanctions, to be determined by the court, upon motion of the defendants." (*Id.*). The parties jointly drafted the requirements for PTO # 8, and I entered it as applicable to every one of the hundreds of cases in this MDL.

Here, the plaintiff filed her complaint on February 12, 2014, and her PPF was due to Cook by April 13, 2014. The plaintiff did not submit a PPF during this time period. Indeed, the plaintiff did not submit a PPF until after Cook filed the instant motion, making the PPF a total of 439 days late. Cook asks the court to dismiss the plaintiff's case with prejudice. In the alternative, Cook asks that the court impose monetary sanctions in the amount of $500, plus $100 per day past the date of the Order during which Ms. Adams fails to comply. In response, the plaintiff explains that the delay in filing the PPF was a result of counsel's inability to reach Ms. Adams. The plaintiff points out that as soon as the PPF became available, it was immediately forwarded to Cook's counsel. Ms. Adams therefore asks the court to deny Cook's Motion.

## II.    Legal Standard

Federal Rule of Civil Procedure 37(b)(2) provides that a court may issue "just orders" when a party fails to provide or permit discovery. Fed. R. Civ. P. 37(b)(2)(A). In the MDL world, this authority has particular significance. An MDL judge bears the "enormous" task of "mov[ing] thousands of cases toward resolution on the merits while at the same time respecting their individuality," and to carry out this task in a smooth and efficient manner, the judge must establish

2

and, more importantly, enforce rules for discovery. *In re Phenylpropanolamine Prods. Liab. Litig.*, 460 F.3d 1217, 1231 (9th Cir. 2006). Rule 37(b)(2) supplies the tool for this enforcement, allowing a judge to impose sanctions when a party fails to comply with the court's discovery orders. *See id.* at 1232 ("[A] willingness to resort to sanctions, sua sponte if necessary, may ensure compliance with the [discovery] management program." (internal citation omitted)); *see also Freeman v. Wyeth*, 764 F.3d 806, 810 (8th Cir. 2014) ("The MDL judge must be given 'greater discretion' to create and enforce deadlines in order to administrate the litigation effectively.").

### III.    Discussion

The circumstances of this case lead me to impose the sanction provided in Rule 37(b)(2)(C), which requires the disobeying party to pay "the reasonable expenses, including attorney's fees, caused by the [discovery] failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). The plaintiff has not provided substantial justification for her failure to timely submit to discovery. Furthermore, there are no circumstances that make this sanction unjust. Although the discovery violation has since been cured, it nevertheless resulted in litigation expenses for Cook. Applying Rule 37(b)(2)(C) ensures that the disobeying party, rather than the innocent party, bears those costs. Accordingly, Cook's Motion is **GRANTED** to the extent that it seeks $500, the payment of reasonable expenses. This amount takes into consideration Cook's expended time and money identifying Ms. Adams as one of the non-compliant plaintiffs; assessing the effect of her discovery violations; drafting the motion; and serving the motion. All knowledgeable MDL counsel would consider these efforts, which could have been avoided had the plaintiff followed the court's order, to be worth $500 at the least. To the extent that Cook seeks payment of $100 per day for each day the PPF is late according to the terms of this Order, its Motion is **DENIED as moot**. Furthermore,

3

to the extent Cook asks for dismissal with prejudice, the Motion is **DENIED**. Such a sanction is too harsh given the facts before the court.[1]

## IV.    Conclusion

It is therefore **ORDERED** that the plaintiff has **30 business days** from the entry of this Order to pay Cook **$500** as minimal partial compensation for the reasonable expenses caused by the plaintiff's failure to comply with discovery.[2] In the event that the plaintiff does not provide adequate or timely payment, the court will consider ordering a show-cause hearing in Charleston, West Virginia, upon motion by the defendants. It is further **ORDERED** that Cook's Motion [Docket 8] is **GRANTED in part** and **DENIED in part**. Finally, it is **ORDERED** that plaintiff's counsel send a copy of this Order to the plaintiff via certified mail, return receipt requested, and file a copy of the receipt.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:          July 28, 2015

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

---

[1] The plaintiff's contention that the court must apply the *Wilson* factors before ordering monetary sanctions is inaccurate. The Fourth Circuit Court of Appeals has directed courts to consider the *Wilson* factors in the case of "extreme sanction[s]," such as dismissal or judgment by default, where the "district court's desire to enforce its discovery orders is confronted head-on by the party's rights to a trial by jury and a fair day in court." *Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc.*, 872 F.2d 88, 92 (4th Cir. 1989) (citing *Wilson v. Volkswagen of Am., Inc.*, 561 F.2d 494, 503–06 (4th Cir. 1977)). The minor sanction ultimately ordered in this case, partial compensation of the expenses caused by the plaintiff's discovery violation, does not raise these concerns. Therefore, I do not find it necessary to review the *Wilson* factors.

[2] The court directs Cook to communicate with plaintiffs' leadership regarding payment instructions.